UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GILBERTO PEREZ,<br>    Plaintiff,<br><br>v.<br><br>KRISTINE BARONE, et al.,<br>    Defendants. | CASE NO. 3:20-cv-1261 (MPS)<br><br><br><br>FEBRUARY 15, 2021 |

## ORDER

Plaintiff Gilberto Perez, incarcerated at MacDougall-Walker Correctional Institution in Suffield Connecticut, filed this case under 42 U.S.C. § 1983. The plaintiff names two defendants: Warden Kristine Barone and Governor Ned Lamont. The plaintiff contends that the defendants are deliberately indifferent to his health. He seeks damages and injunctive relief in the form of an order for his immediate release.

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. This requirement applies to all prisoner filings regardless whether the prisoner pays the filing fee. *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 159 (D. Conn. 2005) (citing *Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam)). Here, the plaintiff is proceeding *in forma pauperis*.

Although detailed allegations are not required, the complaint must include sufficient facts

to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

"Although courts must interpret a pro se complaint liberally, the complaint will be dismissed unless it includes sufficient factual allegations to meet the standard of facial plausibility." *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

I.      Allegations

On March 10, 2020, Governor Lamont declared a state of emergency and closed non-essential businesses, schools, and courthouses. ECF No. 1 ¶ 7. The following day, the World Health Organization classified COVID-19 as a pandemic. *Id.* ¶ 8. On March 12, 2020, the Centers for Disease Control ("CDC") recommended that persons at high risk of contracting COVID-19, persons over 60 years old, and persons with chronic medical conditions take immediate preventative actions including avoiding crowded areas and staying at home. *Id.* ¶ 10.

On March 26, 2020, Attorney General William Barr directed the Federal Bureau of Prisons ("BOP") to use home confinement to reduce the federal prison population. *Id.* ¶ 12. BOP officials were directed to consider factors including age, vulnerability of the prisoner, and if the prisoner was convicted of a violent offense in making home confinement determinations. *Id.* On April 3, 2020, Attorney General Barr directed BOP officials to "immediately maximize

appropriate transfers to home confinement of all appropriate inmates." *Id.* ¶ 13.

The plaintiff wrote to Governor Lamont and Warden Barone informing them that he is at high risk of contracting COVID-19 because he has pre-existing medical conditions including chronic asthma and hypertension. *Id.* ¶ 14. He stated that he was unable to practice social distancing and requested a single cell or release to home confinement. *Id.* ¶ 15. On June 15, 2020, Warden Barone denied his request for a single cell. *Id.* ¶ 16.

On June 3, 2020, Warden Barone posted a notice stating that all inmates in the facility would be tested for COVID-19 beginning on June 22, 2020. *Id.* ¶ 17. The testing was conducted on June 22 and 23, 2020. *Id.* ¶ 18. As of August 3, 2020, 4,437 persons in Connecticut have died from COVID-19, seven of whom were inmates. *Id.* ¶¶ 19-20.

On July 23, 2020, the plaintiff wrote to Warden Barone complaining that the cloth masks provided to inmates did not prevent him from contracting the disease and requesting an N-95 respirator. *Id.* ¶ 21. He also told her that inmates and staff were not regularly wearing masks as required. *Id.* ¶ 22. Warden Barone denied his request for an N-95 respirator. *Id.* ¶ 23. She also failed to investigate his claims regarding mask compliance. *Id.* ¶ 24.

The plaintiff lives in a 6' x 9' cell with another inmate. *Id.* ¶ 25. They share the sink and toilet and cannot social distance. *Id.* The plaintiff has not been provided bleach or sanitizer since the onset of the pandemic. *Id.* ¶ 26. Inmates attend recreation in groups of up to fifty-six inmates. *Id.* ¶ 34. They congregate in large groups playing cards or basketball without wearing masks. *Id.* Many inmates do not report symptoms because infected inmates are placed in segregation. *Id.* ¶ 41.

II.     Analysis

The plaintiff contends that Governor Lamont failed to comply with Attorney General Barr's recommendation to release high-risk non-violent offenders. He also contends that the defendants failed to provide proper protection from COVID-19 such as a single cell and N-95 respirator. He seeks damages for violation of his constitutional rights and an injunction ordering his immediate release.

A.  Injunctive Relief

The plaintiff seeks an emergency injunction ordering his immediate release from prison. A state prisoner cannot challenge the legality of his conviction and imprisonment or seek relief in the form of an order for his immediate release from custody pursuant to claims brought under 42 U.S.C. § 1983. These claims must be pursued through a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). As an order for immediate release is not available in this section 1983 action, the plaintiff's request for injunctive relief is dismissed.

The Court notes further that the plaintiff's request is premised on his claim that Governor Lamont failed to comply with the recommendations of Attorney General Barr. Those recommendations, however, were directed to the BOP and applied only to federal prisoners. As the plaintiff is a state prisoner, the recommendations do not pertain to him.

B.  Deliberate Indifference to Health

The plaintiff claims that the defendants were deliberately indifferent to his health by failing to confine him in a single cell. He also contends that Warden Barone refused his request for an N-95 respirator, failed to enforce the mask policy, and failed to provide him bleach or sanitizer.

To state an Eighth Amendment claim for unconstitutional conditions of confinement, the

4

plaintiff must allege facts supporting an objective element—that "the deprivation was sufficiently serious that he was denied the minimal civilized levels of life's necessities"—and a subjective element—that the defendants "acted with a sufficiently culpable state of mind, such as deliberate indifference to inmate health or safety." *Washington v. Artus*, 708 F. App'x 705, 708 (2d Cir. 2017) (summary order) (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (internal quotation marks omitted).  To satisfy the subjective component, the plaintiff must allege that the defendants knew that he faced a substantial risk to his health or safety and disregarded that risk by failing to take corrective action. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Phelps v. Kapnolas*, 308 F.3d 180, 185096 (2d Cir. 2002) (defendant must have been "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed] and ... [must have drawn] that inference").

Under the objective component, there is no "bright line test" to determine whether a risk of serious harm is "substantial" for Eighth Amendment purposes. *Lewis v. Siwicki*, 994 F.3d 427, 432 (2d Cir. 2019).  The court must "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk," *i.e.*, "the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis in original).  The court makes this determination in light of the steps the facility has already taken to mitigate the danger. *Id.*

"[C]orrectional officials have an affirmative obligation to protect inmates from infectious disease." *Jolly v. Coughlin*, 76 F.3d 468, 477 (2d Cir. 1996).  Courts have found that "an inmate can face a substantial risk of serious harm in prison from COVID-19 if a prison does not take

5

adequate measures to counter the spread of the virus." *Chunn v. Edge*, 465 F. Supp. 3d 168, 200-01 (E.D.N.Y. 2020) (citing cases). Thus, the plaintiff's allegations satisfy the objective component of the test.

Regarding the subjective component, the plaintiff alleges that he wrote to both defendants about his risk of contracting COVID-19. As governor and warden, the defendants are supervisory officials. The Second Circuit has recently clarified the standard to be applied to a claim of supervisory liability. *Tangreti v. Bachman*, 983 F.3d 609 (2d Cir. 2020). The Second Circuit adopted the Supreme Court's reasoning in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and held that "after *Iqbal*, there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti*, 983 F.3d at 618 (quoting *Iqbal*, 556 U.S. at 676).

To support his Eighth Amendment claims relating to confinement under conditions that pose a serious risk to his health, the plaintiff must show that each defendant "personally knew of and disregarded an excessive risk" to the plaintiff's health. *Id.* at 619 (citations and internal quotation marks omitted). The plaintiff alleges only that he sent a letter to Governor Lamont. There is no indication that the letter reached the governor and was not handled by subordinates. Absent facts showing that Governor Lamont was actually aware of and disregarded a serious risk of harm, the plaintiff fails to state a cognizable claim against him.

The plaintiff alleges that Warden Barone denied his requests for a single cell and N-95 respirator and did not investigate his claims of mask noncompliance. As the allegations suggest that Warden Barone was aware of his concerns and did not address them, the case will proceed

6

against Warden Barone.

III.     Conclusion

The plaintiff's request for injunctive relief is **DISMISSED** as release is not available in a section 1983 action.  His claim for deliberate indifference to safety against Governor Lamont is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  The case will proceed on the request for damages against Warden Barone in her individual capacity.

The Court enters the following additional orders.

(1)     **The Clerk shall** verify the current work address for defendant Barone with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet containing the Complaint and this Order to the defendant at the address provided within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth day after mailing.  If the defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in her individual capacity and the defendant shall be required to pay the cost of such service.

(2)     T**he Clerk shall** send the plaintiff a copy of this Order.

(3)     **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4)     The defendant shall file her response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent.  If she chooses to file an answer, she shall admit or deny the allegations and respond to the cognizable claim recited above.  She also may include all additional defenses permitted by the Federal Rules.

(5)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be

completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

  (6) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

  (7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

  (8) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address.  The plaintiff should also notify the defendants or the attorney for the defendants of his new address.

  (9) The plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court.  The plaintiff is advised that the Program may be used only to file documents with the court. As local court rules provide that discovery requests are not filed with the court, discovery requests must be served on defendants' counsel by regular mail.

  (10) The Clerk shall immediately enter the District of Connecticut Standing Order Re: Initial Discovery Disclosures concerning cases initiated by self-represented inmates and shall send a copy to the plaintiff.

**SO ORDERED** this  15th day of February 2021 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge