# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
|  | : |  |
| GILBERTO PEREZ, | : |  |
| Plaintiff, | : | CASE NO. 3:20-cv-1261 (MPS) |
|  | : |  |
| v. | : |  |
|  | : |  |
| KRISTINE BARONE, et al., | : |  |
| Defendants. | : |  |
|  | : | JUNE 1, 2021 |
|  | : |  |

_____

## RULING ON DEFENDANT'S MOTION TO DISMISS

Plaintiff Gilberto Perez has filed this action under 42 U.S.C. § 1983 challenging the

Department of Correction's response to the COVID-19 pandemic. Following initial review, the

following claim remains: an Eighth Amendment conditions of confinement claim based on

Warden Barone's denial of the plaintiff's requests for a single cell and N-95 respirator and her

failure to investigate his claims that correctional staff were not complying with the mask

mandate.

The plaintiff has filed a motion for leave to file an addendum to his complaint which

consists of copies of his grievances relevant to this action. The plaintiff's motion, ECF No. 14,

is granted. The defendants have filed a motion to dismiss arguing that the plaintiff failed to

exhaust his administrative remedies before commencing this action. For the following reasons,

the motion to dismiss is granted.

I.    Standard of Review

To withstand a motion to dismiss filed pursuant to Federal Rule of Civil Procedure

12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Id.* However, when reviewing a motion to dismiss, the court must draw all reasonable inferences in the non-movant's favor. *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012).

II.     Facts

The following facts from the complaint and addendum[1] are relevant to exhaustion of administrative remedies, the sole issue in the motion to dismiss.

On July 23, 2020, the plaintiff wrote to Warden Barone complaining that the cloth masks provided to inmates did not prevent him from contracting COVID-19 and requesting an N-95 respirator. ECF No. 1 ¶ 21. He also told her that inmates and staff were not regularly wearing masks as required. *Id.* ¶ 22. Warden Barone denied his request for an N-95 respirator. *Id.* ¶ 23. She also failed to investigate his claims regarding mask compliance. *Id.* ¶ 24.

The plaintiff did not exhaust his administrative remedies before commencing this action. *Id.* ¶ 38. He filed grievances but had not received responses at the time he filed the complaint. *Id.* ¶ 39.

---

[1] The court ordinarily cannot consider materials outside of a complaint when considering a motion to dismiss. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). However, the submissions of *pro se* plaintiff are "held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (internal quotation marks omitted). Consistent with the liberal reading of a *pro se* plaintiff's complaint, courts have considered submissions and allegations outside the four corners of a *pro se* plaintiff's complaint when evaluating a motion to dismiss. *See Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) (consider *pro se* plaintiff's affidavit in reviewing district court's dismissal of claim); *Douglas v. Abrams Children Books*, No. 13-CV-2613 (VSB), 2014 WL 12909009, at *3 (S.D.N.Y. Sept. 14, 2014) (considering *pro se* plaintiff's declaration and statement of additional claims when reviewing motion to dismiss); *Santos v. City of N.Y.*, No. 01-CV-0120, 2001 WL 1568813, at *1 n.2 (S.D.N.Y. Dec. 7, 2001) (considering *pro se* plaintiff's addendum to her complaint on motion to dismiss).

Specifically, the plaintiff filed his grievance on August 11, 2020. ECF No. 14-1 at 3-4. The grievance was denied on September 2, 2020. *Id.* at 4. The plaintiff filed a grievance appeal on September 11, 2020, and the appeal was denied on October 23, 2020. *Id*. at 6

III.     Discussion

Warden Barone, the only remaining defendant, moves to dismiss this action for failure to exhaust administrative remedies. In his complaint, the plaintiff asked the court to waive the exhaustion requirement and referred the court to cases where exhaustion was waived when considering federal prisoners' requests for compassionate release. In opposition to the motion to dismiss, the plaintiff argues that the court should impose a stay to enable him to exhaust his administrative remedies rather than dismissing the case. The plaintiff also argues that exhaustion should be excused for him because he is of Puerto Rican descent and cannot read or write in English. He contends that he never attended orientation and was not "meaningfully informed" of the administrative remedy procedures because no one read the procedures to him.

The Prison Litigation Reform Act ("PLRA") requires a prisoner pursuing a federal lawsuit to exhaust available administrative remedies *before* a court may hear his case. *See* 42 U.S.C. § 1997e(a) (providing in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 ... or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Ross v. Blake*, ___ U.S. ___, 136 S. Ct. 1850, 1854-55 (2016). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA requires "proper exhaustion"; the inmate must use all steps required by the administrative review process applicable to the institution in which he is confined and do so properly. *Jones v. Bock*, 549 U.S. 199, 218 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006); *see also Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (exhaustion necessitates "using all steps that the [government] agency holds out and doing so properly"). "Exhaustion is mandatory—unexhausted claims may not be pursued in federal court." *Amador*, 655 F.3d at 96; *see also Jones*, 549 U.S. at 211. Exhaustion of administrative remedies must be completed before the inmate files suit. *Baez v. Kahanowicz,* 278 F. App'x 27, 29 (2d Cir. 2008). Completing the exhaustion process after the complaint is filed does not satisfy the exhaustion requirement. *Neal v. Goord*, 267 F.3d 116, 122-23 (2d Cir. 2001).

Special circumstances will not relieve an inmate of his obligation to comply with the exhaustion requirement. An inmate's failure to exhaust administrative remedies is only excusable if the remedies are in fact unavailable. *See Ross*, 136 S. Ct. at 1858. The Supreme Court has determined that "availability" in this context means that "an inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (quotation marks and internal citations omitted).

The *Ross* Court identifies three circumstances in which a court may find that internal administrative remedies are not available to prisoners under the PLRA. *Id.* at 1859-60. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* at 1859. "Next, an administrative remedy scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id.* Finally, an

administrative remedy is not "available" when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860. The Second Circuit has noted that "the three circumstances discussed in *Ross* do not appear to be exhaustive[.]" *Williams v. Priatno*, 829 F.3d 118, 123 n.2 (2d Cir. 2016). In considering the issue of availability, however, the court is guided by these illustrations. *See Mena v. City of New York*, No. 13-CV-2430(RJS), 2016 WL 3948100, at \*4 (S.D.N.Y. July 19, 2016).

The exhaustion process was available to the plaintiff. Indeed, he has filed grievances over his issues. However, the exhaustion process must be completed before the complaint is filed. The Second Circuit has clearly stated that completing the exhaustion process after the complaint has been filed does not satisfy the exhaustion requirement. The plaintiff concedes in his complaint, and provides evidence in his addendum, that he did not complete the exhaustion process before he filed this action. Thus, he did not properly exhaust his administrative remedies before commencing this action. Accordingly, the complaint must be dismissed without prejudice to the plaintiff filing a new action asserting his damages claim.

The plaintiff's arguments do not alter this conclusion. He argues that that the PLRA only requires initiating exhaustion, not complete it, before the complaint is filed. However, as explained above, both the United States Supreme Court and the Court of Appeals for the Second Circuit, have held that the language in the PLRA requires that the exhaustion process be completed before the complaint is filed. The plaintiff cites the examples of unavailable remedies identified in *Ross* and argues that the administrative remedy process is a dead end. However, the fact that his grievance was ultimately denied does not show that correctional officials are unable

or consistently unwilling to provide any relief to aggrieved inmates.

The plaintiff also argues that he should be excused from the exhaustion requirement because he cannot read English and no one read the directive to him.  The defendants object to this argument as it relies on facts not included in the complaint, namely, the plaintiff's literacy.  Regardless, this argument is unavailing for two reasons.  First, the directive regarding exhaustion of administrative remedies is published in Spanish as well as English.  *See* portal.ct.gov/DOC/AD/AD-Chapter-9.  Second, and more important, the fact that the plaintiff filed his requests and initial grievance before commencing this action shows that he was aware of the exhaustion requirement and procedures.  As the plaintiff knew about and began the administrative remedy procedures before he filed this action, any failure to provide orientation regarding the process does not render administrative remedies unavailable.  The plaintiff's grievance and appeal were considered on the merits and not denied for failure to comply with procedural requirements.

IV.    Conclusion

The plaintiff's motion for leave to file an addendum to his complaint [**ECF No. 14**] is **GRANTED**.

The defendants' motion to dismiss [**ECF No. 16**] is **GRANTED** without prejudice.  The Clerk is directed to enter judgment and close this case.

**SO ORDERED** at Hartford, Connecticut, this 1st day of June 2021.


                                      _____/s/_____
                                      Michael P. Shea
                                      United States District Judge

6