UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GILBERTO PEREZ, | : | |
| Plaintiff, | : | CASE NO. 3:20-cv-1261 (MPS) |
| | : | |
| v. | : | |
| | : | |
| KRISTINE BARONE, et al., | : | |
| Defendants. | : | |
| | : | AUGUST 2 , 2021 |
| | : | |

_____

**ORDER**

Plaintiff Gilberto Perez has filed this action under 42 U.S.C. § 1983 challenging the Department of Correction's response to the COVID-19 pandemic. On June 1, 2021, the Court granted the defendants' motion to dismiss on the ground that the plaintiff did not exhaust his administrative remedies before filing this action. The plaintiff has filed an amended complaint embellishing his claim against Warden Barone. The Court construes the filing as including a request to reconsider the dismissal and reopen this case. For the following reasons, the request is denied.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). This district's Local Rules state: "Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the

initial decision or order" and require that the motion "be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the court overlooked." D. Conn. L. Civ. R. 7(c)1. "Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." *Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018) (citing *Questrom v. Federated Dep't Stores, Inc.*, 192 F.R.D. 128, 130 (S.D.N.Y. 2000); *accord Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

In his amended complaint, the plaintiff embellishes his allegations but includes the same claim, a challenge to the way defendant Barone responded to the COVID-19 pandemic. The Court granted the defendants' motion to dismiss because grievances submitted by the plaintiff showed that he did not exhaust his administrative remedies before he commenced this action. *See* ECF No. 23; *see also Ross v. Blake*, ___ U.S. ___, 136 S. Ct. 1850, 1854-55 (2016) (exhaustion is mandatory and must be completed before the complaint is filed). The plaintiff attaches the same grievance to his amended complaint. Thus, he has presented no data that was overlooked in deciding the motion to dismiss. Nor has the plaintiff identified any controlling authority that excused the exhaustion requirement in this circumstance.

The request to reconsider the dismissal and reopen this case is denied. The Court will not reopen this case in response to the amended complaint. Now that the plaintiff has exhausted his administrative remedies, he may file a new action asserting the claim he raised in his grievance.

**SO ORDERED** at Hartford, Connecticut, this 2nd day of August 2021.

                                                  Michael P. Shea
                                                  United States District Judge